John J. Ramp, Esq.  Bar no. 134649
Law Offices of John J. Ramp
7755 Center Ave., Suite 1100
Huntington Beach, Ca. 92647
(714) 372-2292

Attorney for Michael Mai and Dearborne Circle LLC


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT


| | | |
|---|---|---|
| ORACLE AMERICA, INC., et al. | ) | Case no.   CV10-1853 DOC (RNB) |
| | ) | |
| Plaintiffs, | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT AND DISMISSAL OF |
| vs. | ) | CLAIMS BY MICHAEL MAI |
| | ) | AND DEARBORNE CIRCLE LLC, |
| QUIN  RUDIN, et al., | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES, AFFIDAVIT OF |
| Defendants. | ) | MICHAEL MAI, EXHIBIT A |
| _____ | ) | |

DATE:  May 21, 2012
TIME:  8:30 AM
JUDGE DAVID O. CARTER


COMES NOW defendants Michael Mai and Dearborne Circle LLC who move for

summary judgment and/or the dismissal of claims in the complaint of plaintiffs Oracle

America, Inc. and Oracle Credit Credit Corporation pursuant to Federal Rules of Civil

Procedure section 56.


Motion for summary judgment

Defense counsel discussed the grounds for this motion and relief requested with counsel for the plaintiffs on March 30, 3012. Plaintiffs' counsel opposes the relief requested herein.

Dated: April 15, 2012

_____
John J. Ramp
Attorney for Michael Mai
and Dearborne Circle LLC

2.

Motion for Summary Judgment

# TABLE OF CONTENTS

PAGES

Table of Authorities ……………………………………………  4

Factual background ……………………………………………  5-8

I.   Summary judgment/dismissal is appropriate………………………  8-10

II.  Oracle Credit's claims must be dismissed…………………………..  10

III. RICO claims must be dismissed…………………………………  11-12

IV. Fraud claims must be dismissed…………………………………  12-13

V.  Breach of contract claim must be dismissed…………………………  13-14

VI. Money had and received claim must be dismissed…………………..  14-15

VII. Unjust enrichment claim must be dismissed…………………………  15-16

VIII. Statutory Unfair business practices claim must be dismissed………  16

Conclusion ……………………………………………  16-17

Affidavit of Michael Mai…………………………………………..  18-19

3.

Table of contents

## TABLE OF AUTHORITIES

FEDERAL CASES                                                      PAGES

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 ……………………………………………………          9

H.J. v. Northwestern Bell. Tel. Co.,
    492 U.S. 229……………………………………………………          12

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574……………………………………………………          9

Walker v. Darby,
    911 F.2d 1573……………………………………………………          9

CALIFORNIA CASES

Committee on Children's Television, Inc. v. General Foods Corp.,
    35 Cal.3d 197……………………………………………………          13

Lazar v. Superior Court,
    12 Cal.4th 631……………………………………………………..          13

## TABLE OF STATUTES

18 U.S.C. section 1962(c)……………………………………………          11

18 U.S.C. section 1961(5)……………………………………………          11

## OTHER AUTHORITIES

Fed. R. Civ. Proc. section 56(c)…………………………………………          8-9

Fed. R. Civ. Proc. section 56(e)…………………………………………          9

Ca. Civil Code sections 1572, 1573, 1709, 1710………………………..          13

Ca. Business & Professions Code section 17200………………………..          16

4.

Table of authorities

# I.

## FACTUAL BACKGROUND

1.   Defendant Michael Mai (MAI) is the sole owner of co-defendant Dearborne Circle LLC, (DEARBORNE). Mai is an engineer and is employed in the software business. He also sells software to other businesses through his company Dearborne.

2.   After researching a federal contracts bidding website, Fedbid.com, Mai learned that a governmental services agency named PBGC had a bid out for a contract for them to purchase software called "Web Logic Application Server". That software is owned by plaintiff Oracle America, Inc. (ORACLE).

3.   Before Mai submitted his bid on Fedbid.com on Aug 28, 2009, he requested several price quotes from various Oracle resellers which included DLT Solutions and Certus Solutions Inc. (Certus). Co-defendant Quin Rudin (Rudin) is one of the owners of Certus.

4.   Because Dearborne is not an Oracle reseller or partner, it needed to buy the software from an authorized Oracle reseller. Based from price quotes of DLT and Certus, Mai chose Certus because they gave him better pricing for the Oracle software.

5.   Dearborne or Mai have never owned any shares of Certus or acted as a holding company of Certus or worked for Certus as an officer or board director member or were involved in any business transactions with Certus in the selling of Oracle software products prior to PBGC transaction.

5.

Factual background

6.    After Mai received the price quote from Certus he then participated in the bid auction to sell the Oracle software to PBGC and eventually won the auction. PBGC paid $908,504.85 to Dearborne. From the proceeds of PBGC's payment, Mai paid to Certus $873,699.53 and paid to Fedbid.com $9,982.85.Mai was going to make a $24,822.47 commission from the sale.

7.    Dearborne (Mai) and Certus (Rudin)  had entered into an agreement wherein Certus (Rudin) would sign a contract to purchase the software with Oracle so Oracle could deliver the software to PBGC. Rudin would earn a commission from the sale for his efforts. Rudin was to pay Oracle for its portion from the sale.

8.    Rudin signed a contract with Oracle so the software and the technical support could be sent to PBGC and made operational. Rudin was to pay Oracle once PBGC paid for the software and the technical support. Mai and Dearborne never signed a contract with Oracle or Oracle Credit Corporation (ORACLE CREDIT) because Dearborne and Mai were not authorized resellers of Oracle products.

9.  Through the contract by Certus and Rudin with Oracle, Oracle then sent the software and technical support to PBGC.

10.   PBGC then sent a check in the amount of $908,504.85 made payable to Dearborne.  Rudin sent an e-mail to Mai informing Mai how much money should be sent to him so Rudin could pay Oracle and how the funds were to be appropriated. Mai sent the funds requested in the manner requested by Rudin to Rudin. Attached as

Factual background

Exhibit A is the 1099 that Dearborne issued to Certus, the company owned by Rudin. That 1099 was filed with the Internal Revenue Service and is proof that Mai did not keep the funds which were intended for Oracle.

11.   It was Rudin who breached the contract with Oracle by not paying Oracle the funds sent to him from Mai. Since Mai sent the money from PBGC to Rudin, Mai was not unjustly enriched or liable for money had and received.

12.   Mai and Dearborne never had any other transactions concerning Oracle or Oracle Credit. The PBGC transaction was the only transaction the moving parties had concerning the plaintiffs.

13.   Oracle Credit was not damaged in any manner by Mai or Dearborne because Oracle Credit did not extend credit or funds for this transaction. PBGC paid for the software and technical support by cash.

14.   Mai knew defendant Rudin because they had years before worked at one of PeopleSoft's clients, American Protective Service, together. At that time, Rudin was an employee of the PeopleSoft Company. In 2006, Oracle acquired the PeopleSoft company. From the day Mai met Rudin in 1998 to April of 2008, Mai had never conducted any business with Rudin or invested in any of Rudin's companies or helped Rudin sell any Oracle Software.

15.   In fact, Mai and Dearborne have been victims of illegal activities perpetrated against them by Rudin. On numerous occasions Rudin has committed fraud against

7.

Factual background

Mai and Dearborne. Rudin has forged Mai's signature on documents, altered e-mail addresses, information, and accounts. Rudin sent false documents and information to others claiming it was Mai who sent the documents or false information.

16.   Rudin also has obtained credit cards using Dearborne's financial information and has charged thousands of dollars on the cards. Co-defendant Claude Kramer III also committed credit card fraud against Mai and his company. Mai has filed a criminal complaint against both Rudin and Kramer in Orange County, California.

17.   Both Oracle and the moving parties were victims of wrongful conduct by defendant Rudin. However, Michael Mai has been further victimized by this lawsuit brought by the plaintiffs which borders on malicious prosecution.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### SUMMARY JUDGMENT/DISMISSAL IS APPROPRIATE

18.   Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

19.   The pleadings, this motion for summary judgment, and the affidavit of Mai show that that there is no genuine issue as to any material fact.

Memorandum of points and authorities

20.   After the movant has met its burden under Rule 56 (c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," <u>Matsushita Elec.  Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). According to the plain language of Rule 56(e), the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must come forward with "specific facts showing that there is some genuine issue for trial," Fed R. Civ. P. 56(e), <u>Matsushita,</u> 475 U.S. at 587.

21.  The plaintiffs have not shown specific facts showing that there is some genuine issue for trial.

22.  Essentially, so long as the nonmoving party has had ample opportunity to conduct discovery, it must come forward with ample evidence to support its claim, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice, there must be enough of a showing that the jury could reasonably find for that party," <u>Walker v. Darby,</u> 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted," <u>Anderson</u>, 477 U.S. at 249-250.

23.  The plaintiffs have not provided any credible evidence in which they can prove any of their claims. Therefore, summary judgment must be granted and all of the

9.

Memorandum of points and authorities

plaintiffs' claims be dismissed.

II.

ORACLE CREDIT CORPORATION'S CLAIMS MUST BE DISMISSED

24.   As stated earlier defendants Mai and Dearborne were involved in only one transaction regarding Oracle products. That transaction was the PBGC transaction.

25.  After the contract was signed and the software delivered, PBGC then paid the full amount to Dearborne by cash. Mai on behalf of his company Dearborne then paid the funds to defendant Rudin. It was then the responsibility of Rudin to pay the portion of the funds owed to plaintiff Oracle America, Inc.

26.  Defendant Oracle Credit Corporation did not extend any credit or any money for the PBGC transaction to anyone. Defendant Oracle Credit Corporation was not damaged in any manner as a result of the one transaction that defendants Mai and Dearborne had in the transaction with PBGC.

27.  Since Oracle Credit Corporation was not damaged in any manner by the actions of Mai and Dearborne, then Summary Judgment must be granted against Oracle Credit and/or its claims against the moving parties must be dismissed in their entirety.

//

//

10.

Memorandum of points and authorities

## III.

## RICO CLAIMS MUST BE DISMISSED

28.  The plaintiffs' first cause of action against the moving parties is for violations Of 18 U.S.C. section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act, (RICO).

29.  In order to be liable for RICO violations, (1) the defendant must be employed by or associated with an enterprise, (2) the enterprise must engage in or affect interstate or foreign commerce, and (3) the defendant must conduct or participate in the conduct of the enterprises' affairs through a pattern of racketeering activity.

30.  The plaintiffs have not and cannot prove that there was an "enterprise" to defraud the defendants by the actions of Mai and Dearborne. It should be noted that the plaintiffs have dismissed numerous defendants from this dreamed of conspiracy alleged in this complaint.

31.  "A pattern" as defined by statute, requires, as a threshold matter, at least two acts of racketeering activity, the last of which occurred within ten years after the prior act of racketeering activity, 18 U.S.C. section 1961(5).

32.  There is no "pattern" which the plaintiffs can prove because there never was a pattern which the moving parties were involved in.

33.  In addition to meeting the two-act threshold, in order to establish a "pattern" of racketeering activity, the plaintiff must show that the racketeering acts were

11.

Memorandum of points and authorities

related to each other and amount to or pose a threat of continued activity over a

significant period of time, <u>H.J. v. Northwestern Bell. Tel. Co.</u>, 492 U.S. 229, 241-242,

109 S. Ct. 2839. A plaintiff must show that the acts at issue have the same or similar

purpose, or results, or participants, or victims, or method of commission in order

to meet the requirements that the acts be sufficiently related to create a pattern, <u>Id.</u>

34.  In order to show continued activity, the plaintiff must show either (1) open-

ended continuity, where there is a threat of repeated conduct in the future, or (2)

closed-ended continuity, where there is repeated conduct over a substantial period of

time, <u>Id.</u> At 241-242.

35.  The plaintiffs have provided no evidence which can support their claims of

RICO violations against defendants Mai and Dearborne. Therefore, summary

judgment must be granted and this claim be dismissed.

IV.

FRAUD CLAIMS MUST BE DISMISSED

36.  Defendants in their Second Cause of Action brought an action for "Fraud

By All Plaintiffs Against All Defendants".

37.  Nowhere in the pleadings did it state what actions taken by Mai and/or

Dearborne amounted to fraud against "all plaintiffs". The plaintiffs have not provided

a scintilla of evidence through discovery showing what conduct Mai and/or Dearborne

did which amounted to fraud against these plaintiffs.

12.

Memorandum of points and authorities

38.  The moving parties will not waste this learned Court's time in discussing at length the proposition that the burden of proof is on these plaintiffs to prove their allegations of fraud against these defendants.

39.  Fraud actions are subject to strict requirements of particularity in pleading… Accordingly, the rule is everywhere followed that fraud must be specifically pleaded <u>Committee on Children's Television, Inc. v. General Foods Corp.</u> (1983) 35 Cal.3d 197, 216. This particularity requirement necessitates pleading facts which "show how, when, where, to whom, and by what means the representations were tendered", <u>Lazar v. Superior Court</u> (1996) 12 Cal.4th 631, 645

40.  California Civil Code sections 1709, 1710, 1572, and 1573 outline the elements which amount to fraud in the state of California. The plaintiffs in their pleadings and by the discovery process have failed to come close to providing evidence which could prove their case at trial.

41.  Therefore, summary judgment must be granted and this cause of action be dismissed.

V.

BREACH OF CONTRACT CLAIM MUST BE DISMISSED

42.  The Sixth Cause of Action is titled "Breach of Written Contract by Oracle America, Inc. Against All Defendants".

13.

Memorandum of points and authorities

43.  The fact is that Dearborne or Mai never entered into any written contract with plaintiff Oracle America, Inc. and/or Oracle Credit Corporation as evidenced by the affidavit signed by  Mai and in the pleadings. The plaintiffs have never produced any evidence showing that Dearborne or Mai ever signed a written contract with the plaintiffs.  The reason they have never produced such a document is because no such document exits.

44.  It was defendant Rudin who signed a contract with Oracle America, Inc. regarding the PBGC transaction. It was Rudin who was an Oracle partner. It was Rudin who was obligated to follow the terms of the contract he signed with Oracle.

45.  And, as stated earlier, there was never a contract between Mai and Dearborne with Oracle or Oracle Credit.

46.  Therefore, this cause of action must be dismissed against Michael Mai and Dearborne Circle LLC.

VI.

UNJUST ENRICHMENT CLAIM MUST BE DISMISSED

48.  The Seventh Cause of Action is titled "Unjust Enrichment By All Parties Against All Defendants". Once again, that cause of action fails to specifically state how Mai and/or Dearborne were unjustly enriched. The plaintiffs have provided no evidence during the discovery process coming close to meeting their burden of proof.

//

14.

Memorandum of points and authorities

49.  In fact, the evidence shows that Mai and Dearborne were not unjustly enriched because they paid Rudin for the software provided to PBGC for the one and only transaction involving Oracle. It was Rudin who was unjustly enriched by not sending the funds to Oracle.

VII.

MONEY HAD AND RECEIVED CLAIM MUST BE DISMISSED

50.  The Eight Cause of Action is entitled "Money Had and Received by All Plaintiffs Against All Defendants". Once again, that cause of actions fails to specifically state how Mai and/or Dearborne can be found liable for Money Had and Received.

51.  Through the discovery process and in the pleadings the plaintiffs have not shown how they can prove this cause of action. The facts show that that Mai nor Dearborne can be found liable for Money Had and Received. It was Rudin who had the obligation to pay Oracle America, Inc.

52.  Mai on behalf of Dearborne paid the funds which were owed to Oracle to Rudin's company Certus. Mai did not keep the funds which were due to Oracle. It is Rudin who is liable for money had and received. Therefore, this cause of action must also be dismissed as to defendants Mai and Dearborne.

//

15.

Memorandum of points and authorities

VIII.

STATUTORY UNFAIR BUSINESS PRACTISES CLAIM MUST BE DISMISSED

53.  The Ninth Cause of Action is entitled "Statutory Unfair Business Practices By All Plaintiffs Against All Defendants." Once again that cause of action fails to state how or what acts Michael Mai and/or Dearborne Circle LLC committed to be found liable for Statutory Unfair Business Practices.

54.  The plaintiffs have not provided, and cannot provide, any evidence in support of this allegation. The plaintiffs have to prove the elements necessary in California Business and Professions Code section 17200, et seq.

55.    In fact, the plaintiffs don't have a scintilla of evidence in support of this claim also. This is another example of Oracle's shotgun approach to civil litigation. Therefore, this claim also must be dismissed and summary judgment granted.

CONCLUSION

56.  It was Rudin who caused damage to Oracle. And as shown above, Oracle Credit was not damaged in any manner by the one transaction Mai and Dearborne were involved in.

//

//

Memorandum of points and authorities

 57. The plaintiffs have not and cannot prove any of their causes of action against the moving parties.  Therefore, in the interests of justice summary judgment should be granted and all of the claims dismissed against defendants Mai and Dearborne.

Dated: April 15, 2012

_____

John J. Ramp
Attorney for Michael Mai
and Dearborne Circle LLC

Memorandum of points and authorities

<u>AFFIDAVIT OF MICHAEL MAI</u>

I, Michael Mai, declare:

1.   I am the defendant in this action.

2.   I am the officer and sole owner of Dearborne Circle LLC.

3.   I have never had any other business transactions concerning Oracle Corporation.

4 .   I have never had any transactions or contracts with Oracle Credit.

5.   I am not an officer of K2 Information Systems, Cresh, CGC, or Certus Solutions.

6.   I don't own any shares of K2 Information Systems, Cresh, CGC, or Certus Solutions.

7.   Dearborne Circle LLC doesn't own any shares of K2 Information Systems, Cresh, CGC, or Certus Solutions.

8.   Dearborne and I had no role or any activity in the Media Lead transaction, the LESA transaction, the Premio, Inc. transaction, or the K2 transaction.

9.   Dearborne and I have filed a police report with the City of Huntington Beach, Orange County, Ca. to report the credit card identity theft case against Rudin.

10.  Rudin is not an officer or Managing Member of Dearborne Circle LLC.

11.  I inquired of Rudin if Certus Solutions had paid Oracle for the PBGC transaction. Rudin informed Mai and Dearborne that he had paid Oracle on an installment plan arranged by Oracle.

12.  All of the facts asserted in the factual background portion of this motion are true and correct and based on my personal knowledge.

Declaration of Michael Mai

I declare under penalty of perjury the above and the facts asserted in the factual background are true and correct. If called to testify I will testify under oath to those facts. Executed and signed on April 15, 2012 in Huntington Beach, California.

_____

Michael Mai as an individual defendant

And in my capacity as sole owner

of Dearborne Circle LLC

Declaration of Michael Mai

Exhibit A:

| Form **1099-MISC** | | ☐ CORRECTED (if checked) | | (keep for your records) | |
|---|---|---|---|---|---|
| PAYER'S name, street address, city, state, ZIP code, and telephone no.<br>DEARBORNE CIRCLE, LLC<br>19621 DEARBORNE CIRCLE<br>HUNTINGTON BEACH CA 92648<br><br>(714) 696-0543 | **1** Rents<br>$<br>**2** Royalties<br>$<br>**3** Other income<br>$ | OMB No. 1545-0115<br>**2009**<br>Form 1099-MISC<br><br>**4** Fed. inc. tax withheld<br>$ | | 38-2099803<br>Department of the Treasury -- IRS<br>**Miscellaneous Income**<br>Copy B<br>For Recipient | |
| PAYER'S federal identification number  RECIPIENT'S identification number<br>33-0910551    20-8731718 | **5** Fishing boat proceeds<br>$ | **6** Medical and health care payments<br>$ | | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. | |
| RECIPIENT'S name, address, and ZIP code<br>CERTUS SOLUTIONS INC<br>28562 OSO PKWY   STE D306<br>RSM CA 92653 | **7** Nonemployee compensation<br>$   914583.00 | **8** Substitute payments in lieu of dividends or interest<br>$ | | | |
| | **9** Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | **10** Crop insurance proceeds<br>$ | | | |
| | **11** | **12** | | | |
| Account number (see instructions) | **13** Excess golden parachute payments | **14** Gross proceeds paid to an attorney | | | |
| **15a** Section 409A deferrals<br>$ | **15b** Section 409A income<br>$ | **16** State tax withheld<br>$<br>$ | **17** State/Payer's state no.<br>- - - - - - - - - - - - - - - - - - - - | **18** State income<br>$<br>$ | |