John J. Ramp, Esq.  Bar no. 134649
Law Offices of John J. Ramp
7755 Center Ave., Suite 1100
Huntington Beach, Ca. 92647
(714) 372-2292

Attorney for Michael Mai and Dearborne Circle LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| ORACLE AMERICA, INC., et al. ) | Case no.   CV10-1853 DOC (RNB) |
| ) | |
| Plaintiffs, ) | DEFENDANTS' STATEMENT OF |
| ) | UNCONTROVERTED FACTS |
| vs. ) | AND CONCLUSIONS OF LAW |
| ) | |
| QUIN  RUDIN, et al., ) | DATE: May 21, 2012 |
| ) | TIME: 8:30 AM |
| Defendants. ) | JUDGE DAVID O. CARTER |
| _____ \_) | |

   Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1, defendants Michael Mai and Dearborne Circle LLC submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment.

Defendants' Statement of Uncontroverted Facts and Conclusions of Law

## UNCONTROVERTED FACTS

1. Defendant Michael Mai (Mai) did not breach any contract with the plaintiffs, (affidavit of Mai, plaintiffs' pleadings).

2. Defendants Mai and Dearborne Circle LLC (Dearborne) had no direct business relationship with Oracle America, Inc., (plaintiffs' complaint, affidavit of Michael Mai).

3. Defendants Mai and Dearborne did not obtain any money or credit from plaintiff Oracle Credit Corporation, (plaintiffs' complaint, affidavit of Michael Mai).

4. Oracle Credit Corporation was not damaged in any manner as a result of the PBGC transaction, (plaintiffs' complaint, affidavit of Mai)

5. Defendants Mai and Dearborne were only involved in one business transaction regarding plaintiff Oracle America, Inc., (plaintiffs' complaint, affidavit of Michael Mai).

6. Defendants Mai and Dearborne were not involved in the K2 Transaction, the CGCRP transaction, the Media Lead transaction, or the Alethea transaction, (plaintiff's complaint, affidavit of Mai).

7. The plaintiffs have dismissed numerous defendants from this lawsuit in which they originally accused of RICO violations and other causes of action, (Court records).

Defendants' Statement of Uncontroverted Facts and Conclusions of Law

8. The one business transaction defendants Mai and Dearborne were involved in was the PBGC transaction, (plaintiff's complaint, affidavit of Mai).

9. Defendant Quin Rudin (Rudin) was an Oracle America, Inc. partner who was allowed to enter into contracts and receive a commission from the sale of Oracle products to third parties (plaintiffs' complaint, affidavit of Mai). Mai or Dearborne were not an Oracle partner or reseller, (affidavit of Mai).

10. On his own Mai obtained a contract from PBGC for the purchase of Oracle software through a federal bid process. Since Mai was not an Oracle partner he had to go through defendant Rudin and his company Certus Solutions for the transaction to be finalized, (affidavit of Mai).

11. Defendant Rudin signed a contract with the plaintiff Oracle for the purchase of Oracle software for the PBGC transaction, (plaintiffs' complaint, affidavit of Michael Mai).

12. Mai and Dearborne never signed a contract with the plaintiffs, (plaintiffs' pleadings, affidavit of Mai).

13. After PBGC received the software and technical support from Oracle through Rudin's company, Certus Solutions, PBGC then paid by check for the software and technical support to Dearborne. They paid Dearborne because that was the company they signed the contract with through the federal bidding process, (affidavit of Mai).

//

3.

Defendants' Statement of Unconverted Facts and Conclusions of Law

14. After Dearborne received the funds from PBGC, Rudin sent an e-mail to Mai describing how he and Oracle were to be paid from the funds received by Dearborne, (affidavit of Mai).

15. Mai sent the funds to Rudin believing Rudin was going to pay Oracle their share of the funds received from PBGC, (affidavit of Mai, exhibit A).

16. Afterwards Mai followed up and inquired of Rudin if Oracle America, Inc. had been paid their share for the PBGC transaction. Rudin told Mai that he was paying Oracle America, Inc. on an installment basis, (affidavit of Mai).

17. It was Rudin who converted the funds intended for Oracle to his own use, (plainitffs' complaint, affidavit of Mai). Mai was not unjustly enriched.

18. Mai and Dearborne have been victims of multiple acts of fraud and deceit against them by Rudin. Mai has filed a criminal complaint for fraud against Rudin and co-defendant Claude Kramer in Orange County, California, (affidavit of Mai).

## CONCLUSIONS OF LAW

### I.

### ORACLE CREDIT CORPORATION

Defendants Michael Mai and Dearborne Circle LLC are entitled to an order of summary judgment in their favor against plaintiff Oracle Credit Corporation because the undisputed evidence shows that Oracle Credit was not damaged in any manner by the PBGC transaction.

4.

Defendants' Statement of Uncontroverted Facts and Conclusions of Law

The PBGC transaction was the only transaction in which defendants Mai and Dearborne were involved in. And thus, plaintiff Oracle Credit cannot create a genuine issue of material fact as to any essential element of this claim.

## II.

## ORACLE AMERICA, INC.

Defendants Michael Mai and Dearborne Circle LLC are entitled to an order of summary judgment against plaintiff Oracle America, Inc. because the undisputed evidence shows that the plaintiff cannot create genuine issues of material facts as to the essential elements of their claims against these defendants.

Dated: April 16, 2012

\_\_\_/s/_____
John J. Ramp
Attorney for Michael Mai
and Dearborne Circle LLC

5.

Defendants' statement of uncontroverted facts and conclusions of law