Daryl M. Crone (Bar No. 209610)
  daryl@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
  jgelbart@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Ste. 1150
Los Angeles, California  90024
Telephone:   (310) 893-5150
Facsimile:   (310) 893-5195

Elizabeth Rogers Brannen (Bar No. 226234)
  elizabeth.brannen@oracle.com
ORACLE AMERICA, INC.
500 Oracle Parkway, MS 5op764
Redwood Shores, CA 94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Plaintiffs
Oracle America, Inc. and
Oracle Credit Corporation

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., et al., | CASE NO. CV10-1853 DOC (RNB) |
| Plaintiffs, | Date:   May 21, 2012<br>Time:   8:30 a.m.<br>Ctrm.:  9D |
| v. | |
| QUIN RUDIN, et al., | **PLAINTIFFS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO DEFENDANTS MICHAEL MAI'S AND DEARBORNE CIRCLE, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rule 56, plaintiffs Oracle America, Inc. and Oracle Credit Corporation submit this Statement of Genuine Disputes in opposition to Defendants Michael Mai's and Dearborne Circle, LLC's Motion for Summary Judgment, presently set for hearing on May 21, 2012, at 8:30 a.m.:

| **Fact** | **Plaintiffs' Response** |
|---|---|
| 1.    Defendant Michael Mai (Mai) did not breach any contract with the plaintiffs, (affidavit of Mai, plaintiffs' pleadings). | Disputed.  See Declaration of Joshua P. Gelbart ("Gelbart Decl."), Ex. A (Mai Depo. Tr.) at 24:19-21; 28:25-29:2; 26:13-27:5; 30:12-22; see also id. at 221:20-222:10; 222:24-225:13; 225:18-226:10; 226:18-227:7; 228:4-17; 235:3-21; 240:6-11; 240:6-241:16; 241:17-242:6; 242:7-243:4; 244:14-245:9; 245:12-246:4; 264:23-265:14; 349:13-350:11; 350:12-19; 354:1-354:15; 355:7-357:1; 359:7-18; 362:3-14; 363:12-17; 377:9-19 & Exs. I-N, Y at 1-2, Z; Declaration of Deborah Dilldine ("Dilldine Decl.") ¶ 3; Declaration of Anne Achey ("Achey Decl.") ¶¶ 3-5, 7-12 & Exs. A-C; Declaration of Nitesh Singh ("Singh Decl."), Ex. A. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 2.   Defendants Mai and Dearborne Circle LLC (Dearborne) had no direct business relationship with Oracle America, Inc., (plaintiffs' complaint, affidavit of Michael Mai). | Disputed.  See Gelbart Decl., Ex. A at 24:19-21; 28:25-29:2; 26:13-27:5; 30:12-22; 221:20-222:10; 222:24-225:13; 225:18-226:10; 226:18-227:7; 228:4-17; 235:3-21; 240:6-11; 240:6-241:16; 241:17-242:6; 242:7-243:4; 244:14-245:9; 245:12-246:4; 264:23-265:14; 349:13-350:11; 350:12-19; 354:1-354:15; 355:7-357:1; 359:7-18; 362:3-14; 363:12-17; 377:9-19 & Exs. I-N, Y at 1-2, Z; Dilldine Decl. ¶ 3; Achey Decl. ¶¶ 3-5, 7-12 & Exs. A-C; Singh Decl., Ex. A. |
| 3.   Defendants Mai and Dearborne did not obtain any money or credit from plaintiff Oracle Credit Corporation, (plaintiffs' complaint, affidavit of Michael Mai). | Disputed.  See, e.g., Singh Decl., Ex. A at 1.  In addition, Mai joined an ongoing conspiracy that had previously defrauded Oracle Credit.  Also, it is undisputed that Oracle America and Oracle Credit share a common parent, and all defendants treated them as a single target when furthering their scheme. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 4.     Oracle Credit Corporation was not damaged in any manner as a result of the PBGC transaction, (plaintiffs' complaint, affidavit of Mai) | Disputed.  See, e.g., Singh Decl., Ex. A at 1. In addition, Mai joined an ongoing conspiracy that had previously defrauded Oracle Credit. Also, it is undisputed that Oracle America and Oracle Credit share a common parent, and all defendants treated them as a single target when furthering their scheme. |
| 5.     Defendants Mai and Dearborne were only involved in one business transaction regarding plaintiff Oracle America, Inc., (plaintiffs' complaint, affidavit of Michael Mai). | Undisputed, but irrelevant. |
| 6.     Defendants Mai and Dearborne were not involved in the K2 Transaction, the CGCRP transaction, the Media Lead transaction, or the Alethea transaction, (plaintiff's complaint, affidavit of Mai). | Undisputed, but irrelevant. |
| 7.     The plaintiffs have dismissed numerous defendants from this lawsuit in which they originally accused of RICO violations and other causes of action, (Court records). | Undisputed, but irrelevant. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 8.   The one business transaction defendants Mai and Dearborne were involved in was the PBGC transaction, (plaintiff's complaint, affidavit of Mai). | Disputed.  See, e.g., Gelbart Decl., Ex. A at 115:22-117:15; 119:20-120:1; 120:16-24; 122:20-123:6; 158:23-160:8; 161:4-21; 162:10-24; 164:12-25; 165:6-166:15; 167:9-20; 168:20-169:7; 162:25-163:9; 388:8-18; Ex. B at 158:15-159:4; 160:9-161:16; 162:1-3; 197:9-23; 199:2-7; 199:22-200:16; Ex. C at 42:20-43:9; Exs. G, H, T, W & X. |
| 9.   Defendant Quin Rudin (Rudin) was an Oracle America, Inc. partner who was allowed to enter into contracts and receive a commission from the sale of Oracle products to third parties (plaintiffs' complaint, affidavit of Mai). Mai or Dearborne were not an Oracle partner or reseller, (affidavit of Mai). | Disputed.  See, e.g., Gelbart Decl., Ex. A at 264:23-265:14; 349:13-350:19; 363:12-17 & Ex. Y at 1-2; Dilldine Decl. ¶ 3; Singh Decl., Ex. A. |
| 10.   On his own Mai obtained a contract from PBGC for the purchase of Oracle software through a federal bid process. Since Mai was not an Oracle partner he had to go through defendant Rudin and his company Certus Solutions for the transaction to be finalized, (affidavit of Mai). | Disputed.  See, e.g., Gelbart Decl., Ex. A at 264:23-265:14; 349:13-350:19; 363:12-17 & Ex. Y at 1-2; Dilldine Decl. ¶ 3; Singh Decl., Ex. A. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 11.    Defendant Rudin signed a contract with the plaintiff Oracle for the purchase of Oracle software for the PBGC transaction, (plaintiffs' complaint, affidavit of Michael Mai). | Disputed.  See, e.g., Gelbart Decl., Ex. A at 221:20-222:10; 222:24-225:13; 226:18-227:7; 228:4-17 & Exs. I, L and M; Achey Decl. ¶¶ 8-10. |
| 12.    Mai and Dearborne never signed a contract with the plaintiffs, (plaintiffs' pleadings, affidavit of Mai). | Disputed, and irrelevant.  See, e.g., Gelbart Decl., Ex. A at 221:20-222:10; 222:24-225:13; 226:18-227:7; 228:4-17 & Exs. I, L and M; Achey Decl. ¶¶ 8-10. |
| 13.    After PBGC received the software and technical support from Oracle through Rudin's company, Certus Solutions, PBGC then paid by check for the software and technical support to Dearborne. They paid Dearborne because that was the company they signed the contract with through the federal bidding process, (affidavit of Mai). | Disputed.  See, e.g., Gelbart Decl., Ex. A at 264:23-265:14; 349:13-350:19; 363:12-17 & Ex. Y at 1-2; Dilldine Decl. ¶ 3; Singh Decl., Ex. A. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

| | |
|---|---|
| 14.     After Dearborne received the funds from PBGC, Rudin sent an e-mail to Mai describing how he and Oracle were to be paid from the funds received by Dearborne, (affidavit of Mai). | Disputed, and hearsay.  See, e.g., Gelbart Decl., Ex. A at 139:12-17; 147:7-16; 151:19-152:1; 158:11-22; 271:2-272:10; 273:19-23; 277:19-278:1; 279:21-25; 280:1-15; 282:6-11; 388:19-389:21; 391:2-6; 391:11-17; 391:25-392:12; 394:4-395:21; 396:25-397:6; 397:10-24; Ex. B at 151:12-21; Exs. E, Q and R. |
| 15.     Mai sent the funds to Rudin believing Rudin was going to pay Oracle their share of the funds received from PBGC, (affidavit of Mai, exhibit A). | Disputed.  See, e.g., Gelbart Decl., Ex. A at 139:12-17; 147:7-16; 151:19-152:1; 158:11-22; 271:2-272:10; 273:19-23; 277:19-278:1; 279:21-25; 280:1-15; 282:6-11; 388:19-389:21; 391:2-6; 391:11-17; 391:25-392:12; 394:4-395:21; 396:25-397:6; 397:10-24; Ex. B at 151:12-21; Exs. E, Q and R. |
| 16.     Afterwards Mai followed up and inquired of Rudin if Oracle America, Inc. had been paid their share for the PBGC transaction, Rudin told Mai that he was paying Oracle America, Inc. on an installment basis, (affidavit of Mai). | Disputed.  See, e.g., Gelbart Decl., Ex. A at 156:24-157:21; 158:3-10; 160:9-24; 191:6-10; 253:8-16; 256:13-16; 264:12-266:5; 270:1-20; Exs. F & P. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 17.   It was Rudin who converted the funds intended for Oracle to his own use, (plaintiffs' complaint, affidavit of Mai). Mai was not unjustly enriched. | Disputed.  See, e.g., Gelbart Decl., Ex. A at 240:6-241:16; 241:17-242:6; 242:7-243:4; 244:14-245:9; 245:12-246:4; 248:10-249:10; 281:2-14 & Ex. O; Achey Decl. ¶ 12; see also id., Ex. A at 139:12-17; 147:7-16; 151:19-152:1; 158:11-22; 271:2-272:10; 273:19-23; 277:19-278:1; 279:21-25; 280:1-15; 282:6-11; 388:19-389:21; 391:2-6; 391:11-17; 391:25-392:12; 394:4-395:21; 396:25-397:6; 397:10-24; Ex. B at 151:12-21; Exs. E, Q and R. |
| 18.   Mai and Dearborne have been victims of multiple acts of fraud and deceit against them by Rudin. Mai has filed a criminal complaint for fraud against Rudin and co-defendant Claude Kramer in Orange County, California, (affidavit of Mai). | Undisputed, but irrelevant. |

Plaintiffs respectfully submit the following additional material facts that bear on the issues pertinent to Mai's and Dearborne's motion for summary judgment:

| Fact | Supporting Evidence |
|---|---|
| 19.     Defendant Michael Mai is an experienced software engineer who, among other things, offers information technology consulting services to customers through a corporation called B.P.M.B., Inc. | See Gelbart Decl., Ex. A at 12:19-23; 16:10-23. |
| 20.     Mai organized defendant Dearborne Circle, LLC in 2001. | See Gelbart Decl., Ex. A at 22:14-23:18.) |
| 21.     Mai is the only member of Dearborne and is its sole employee. | See Gelbart Decl., Ex. A at 24:19-21; 28:25-29:2; see also Mai Decl. ¶ 2. |
| 22.     Mai runs Dearborne out of his home, which is located in Huntington Beach, California. | See Gelbart Decl., Ex. A at 30:12-22. |
| 23.     Mai has prepared few documents respecting the corporate form of Dearborne since it was organized. | See Gelbart Decl., Ex. A at 26:13-27:5. |
| 24.     In 2008 or early 2009, Rudin introduced Mai to an individual named Mark Tiernan, the chief executive of Aegis Technologies, Inc. | See Gelbart Decl., Ex. A at 92:4-19. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

| | |
|---|---|
| 25. Tiernan's Aegis Technologies had organized an entity called Alethea LLC. | <u>See</u> Gelbart Decl., Ex. B (Tiernan Depo. Tr.) at 31:2-12. |
| 26. On or about April 7, 2009, Mai agreed—through Dearborne—to provide Alethea with a $175,000 bridge loan, in consideration for an equity stake in the company. | <u>See</u> Gelbart Decl., Ex. A at 127:7-128:10; 132:6-133:4; 135:24-136:6. |
| 27. Mai partnered with Rudin to try to make the Alethea opportunity succeed. | <u>See</u> Gelbart Decl., Ex. A at 148:24-149:2 & Ex. E. |
| 28. In his dealings with Tiernan, Rudin repeatedly stated that he was a principal of Dearborne. | <u>See</u> Gelbart Decl., Ex. B at 153:11-22; 154:10-13. |
| 29. Mai arranged to receive regular notices via the Internet-based service known as "FedBid.com," which distributes information concerning U.S. government procurement contracts open to third-party bidding. | <u>See</u> Gelbart Decl., Ex. A at 70:19-71:25; 72:1-7; 74:4-13. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 30.     In August 2009, Dearborne bid on, and obtained, a contract to deliver Oracle software licenses—and the first year of Oracle "technical support services"—to the Pension Benefit Guaranty Corporation (the "PBGC"), a branch of the U.S. government. | See Gelbart Decl., Ex. A at 88:19-89:12; 90:13-16. |
| 31.     Mai represented to the PBGC that Dearborne had been certified by the U.S. government as a Service-Disabled Veteran-Owned Small Business (also known as a "SDVOSB"). | See Gelbart Decl., Ex. A at 207:20-208:11. |
| 32.     On August 28, 2009, the PBGC formally accepted Dearborne's electronically-submitted bid, at a price of $908,504.85. | See Gelbart Decl., Ex. A at 209:2-10; 210:9-14; 212:23-213:8; Ex. I. |
| 33.     The PBGC and Dearborne contract called for the delivery of various Oracle software products to the PBGC in September 2009. | See Gelbart Decl., Ex. A at 209:2-10; 210:9-14; 212:23-213:8; Ex. I. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 34.    Mai failed to inform Oracle beforehand that Dearborne was bidding on the transaction, and failed to request (let alone secure) "non-standard" pricing from Oracle for the products and services that the PBGC desired. | See Declaration of Anne Achey ("Achey Decl.") ¶ 3. |
| 35.    Mai never disclosed to the PBGC that Dearborne lacked the authority to deliver Oracle software licenses to anyone. | See Gelbart Decl., Ex. A at 219:22-220:12. |
| 36.    Dearborne had never before sold any software licenses to any customer. | See Gelbart Decl., Ex. A at 215:2-10. |
| 37.    During a telephone call held on or about August 28, 2009, Mai represented to an Oracle employee that Dearborne supposedly had acquired Rudin's Certus Solutions business—which already was authorized to sell Oracle products. | See Gelbart Decl., Ex. A at 349:13-350:11 & Ex. Y at 2; Dilldine Decl. ¶ 3. |
| 38.    Mai confirmed by email that: "Like I have indicated to you on the phone, Dearborne Circle LLC has 100% percent ownership of Certus Solutions, Inc." | See Gelbart Decl., Ex. A at 356:2-14; 362:3-14; Ex. Y at 2; Dilldine Decl. ¶ 3. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 39.    Mai now concedes his repeated representations to Oracle on this subject—via phone and email—were false when made. | See Gelbart Decl., Ex. A at 356:2-14; 362:3-14; Ex. Y at 2; Dilldine Decl. ¶ 3. |
| 40.    On August 28, 2009, Rudin wrote to Oracle (copying Mai), forwarding an "Ordering Document" bearing Mai's name, email address and telephone number as the "Bill To" contact, and Mai's signature as "Managing Partner" of the Oracle "Partner" with which Oracle would transact. | See Gelbart Decl., Ex. A at 363:12-17; Ex. Y at 3-7. |
| 41.    On August 28, 2009, Rudin wrote to Oracle: "[H]ere is the POD [Public Ordering Document] and Contract Award from PBGC.  For your reference you can work with Michael Mai directly as he account manages our Federal customers and Claude Kramer III is our Contracts Manager.  FYI Dearborne Circle LLC is a Certified SDVOSB and acquired Certus Solutions Inc to offer Federal customers oracle tech/apps solutions." | See Gelbart Decl., Ex. Y at 1. |

| | |
|---|---|
| 42.    Rudin signed the August 28, 2009 email as a "Managing Partner" of "Dearborne Circle LLC" and utilized a "quin@dearbornellc.com" email address, which Mai had provided to him. | <u>See</u> Gelbart Decl., Ex. A at 264:23-265:14; 350:12-19; Ex. Y at 1. |
| 43.    Mai admits that Rudin's representations were false.  For example, Dearborne never did acquire Certus Solutions; Dearborne never should have been certified as a Service-Disabled Veteran-Owned Small Business; and, Rudin never was a "Managing Partner" of Dearborne. | <u>See</u> Gelbart Decl., Ex. A at 354:1-354:15; 355:7-357:1; 359:7-18. |
| 44.    On August 31, 2009, Rudin emailed a revised Ordering Document to Oracle (signed by him rather than Mai) because the initial Ordering Document supplied on August 28, 2009 had erroneously recited a "List Price" for various Oracle products—which Mai and Rudin evidently obtained from a publicly available website—that already reflected a significant discount. | <u>See</u> Gelbart Decl., Ex. A at 225:18-226:10 & Ex. K; Achey Decl. ¶ 3-5& Ex. A. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 45.   Rudin also sent the August 31, 2009 email from his quin@dearbornellc.com email address, and copied Mai. | See Achey Decl., Ex. A. |
| 46.   On August 31, 2009, Mai wrote another email—to Oracle Credit—stating in pertinent part:  "[W]e need to issue a purchase order to Oracle to book an order which will require credit approval. Attached is our Consolidated Financial statements for Dearborne Circle LLC which acquired Certus Solutions Inc at the end of 2008." | See Singh Decl., Ex. A. |
| 47.   Dearborne issued a purchase order to Oracle in the amount of $874,996.20, reflecting Oracle's charge for the software and services that the PBGC had sought. | See Gelbart Decl., Ex. A at 221:20-222:10; 222:24-225:13; Ex. J. |
| 48.   The purchase order states that it was transmitted by Certus Solutions "c/o Dearborne Circle, LLC" and recited Dearborne's (and Mai's) address, telephone number and fax number, and Mai's email address. | See Gelbart Decl., Ex. J. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 49.    Oracle was unable to complete and finalize the paperwork for the PBGC transaction until September 29, 2009, due to a minor amendment that didn't affect price. Just like the initial transactional documents, Mai sent the parties' amended documents to the PBGC via email. | See Gelbart Decl., Ex. A at 377:9-19; Ex. Z. |
| 50.    Mai emailed another version of the "Ordering Document" to Oracle, along with other materials. | See Achey Decl. ¶ 7 & Ex. B. |
| 51.    In reliance on Mai's and Rudin's representations, Oracle issued an invoice dated October 21, 2009, with a "Bill To" of "Certus Solutions, Inc., Michael Mai c/o Dearborne Circle LLC," and sent it to Mai's/Dearborne's address. | See Gelbart Decl., Ex. A at 226:18-227:7 & Ex. L; Achey Decl. ¶¶ 8-10. |
| 52.    Oracle issued four additional invoices reflecting the first year of technical support services that the PBGC also had ordered, and transmitted them to Mai as well. | See Gelbart Decl., Ex. A at 228:4-17 & Ex. M; Achey Decl. ¶¶ 8-10. |
| 53.    Oracle delivered its software products to the PBGC for use. | See Gelbart Decl., Ex. A at 347:24-348:2; see also Mot. at 6 ¶ 9. |

| | |
|---|---|
| 54.    Although Mai claims he never received Oracle's invoices, Oracle's records reflect that an employee provided a copy of several of them to Mai via email on or about November 3, 2009. | <u>See</u> Achey Decl. ¶ 11 & Ex. C. |
| 55.    An Oracle employee asked Mai about the status of payment and, during a telephone call held on November 16, 2009, Mai claimed payment would be processed "today." | <u>See</u> Achey Decl., Ex. C. |
| 56.    Mai concedes that various third-parties also had bid on the PBGC transaction. | <u>See</u> Gelbart Decl., Ex. A at 372:17-21; Achey Decl. ¶ 3. |
| 57.    If Oracle had known at the time that Mai's and Rudin's representations were false, it easily could have directed the PBGC to proceed using one of the third-party bidders.  There is little doubt that, if Oracle had done so, it would have received the sum owed to it. | <u>See</u> Achey Decl. ¶ 12. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 58.     On or about October 8, 2009, the PBGC provided Dearborne with a check drawn from the U.S. treasury in the amount of $908,504.85, in payment of the software licenses and first year of technical support services that it had ordered.  Mai deposited that check in Dearborne's bank account on October 14, 2009. | See Gelbart Decl., Ex. A at 235:3-21; 240:6-11 & Ex. N. |
| 59.     Neither Mai nor Dearborne has ever remitted to Oracle any portion of the $908,504.85 received from the PBGC in consideration for Oracle's products and technical support services, nor have they or any other defendant otherwise paid any portion of the amount owed to Oracle in connection with that transaction, totaling at least $874,996.20. | See Achey Decl. ¶ 12. |
| 60.     Immediately after depositing the PBGC check, Mai began transferring large sums of money to third-parties, rather than to Oracle. | See Gelbart Decl., Ex. A at 240:6-241:16; 241:17-242:6; 242:7-243:4; 244:14-245:9; 245:12-246:4. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 61.     Mai became a joint signatory on one of the bank accounts to which he transferred funds, with Rudin, *after* Oracle already had begun asking Mai why it had not yet received payment in connection with the PBGC transaction. | See Gelbart Decl., Ex. N; Ex. A at 248:10-249:10 & Ex. O. |
| 62.     Mai also paid substantial sums to American Express, which he claims satisfied debts personally owed by Rudin. | See Gelbart Decl., Ex. A at 281:2-14. |
| 63.     Mai's contention that he "paid" Rudin (or his Certus Solutions, Inc.), and expected Rudin to pay Oracle, lacks credibility. | See Gelbart Decl., Ex. A at 246:5-17; see also Mot. at 6-7 ¶ 10. |
| 64.     Mai contends that his defense is bolstered by two email messages he allegedly received from Rudin in September and October 2009, which were marked as Exhibit Nos. 28 and 29 to his deposition transcript.  Mai only has produced those email messages in "PDF" format. | See Gelbart Decl., Exs. Q & R; see also Mot. At 6 ¶ 10; Gelbart Decl., Ex. A at 388:19-389:21. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 65.    Mai admits that the PDF files (Exs. 28 and 29 to his deposition) bear electronic stamps demonstrating that he created them on September 26, 2011, after receiving Plaintiffs' requests for production. The underlying emails no longer exist today. | See Gelbart Decl., Ex. A at 388:19-389:21; 391:11-17; 391:25-392:12; 394:4-395:21; 396:25-397:6; see also Docket No. 92 at 4 ¶ 2. |
| 66.    Mai spoliated the native files of Exs. 28 and 29 to his deposition after "printing" them as PDFs.  Without the underlying native files, there is no way to determine when the emails were first created. | See Gelbart Decl., Ex. A at 388:19-389:21; 391:2-6; 397:10-24; see also Docket No. 92 at 4 ¶ 2. |
| 67.    The first email message, dated September 22, 2009, states that Dearborne's loan extended to Alethea already had gone "bad."  Thus, Rudin supposedly agreed to cover Mai's $175,000 "loss."  However, Mai admits that, as of September 2009, the relationship with Tiernan and Alethea had not yet soured.  To the contrary, Alethea was still making payments on the loan that Dearborne had extended to it and, for that reason, Mai didn't hire counsel to pursue collection of the loan until October 2010. | See Gelbart Decl., Ex. A at 280:1-15; 139:12-17; 147:7-16; 271:2-272:10; 151:19-152:1; 158:11-22; 273:19-23; Ex. E; Ex. Q; Ex. B at 151:12-21. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 68.    The September 22, 2009 email recites multiple payments to Certus Solutions and to third-parties, in different amounts and on different dates, purportedly made as payment for the sum Mai expected Rudin's Certus Solutions to forward to Oracle.  But Mai cannot recall Rudin giving any explanation for those alleged payment instructions.  Nor does Mai have any explanation for why he reasonably could have expected Rudin to pay Oracle, especially as Oracle expected payment in a single lump sum. | See Gelbart Decl., Ex. A at 277:19-278:1; 282:6-11; 279:21-25; & Ex. Q. |
| 69.    Mai obtained certification for Dearborne as a Service-Disabled Veteran-Owned Small Business because he thought it would help him obtain certain government procurement contracts. | See Gelbart Decl., Ex. A at 150:10-14; 315:3-316:2; see also id., Ex. B at 25:21-28:23. |
| 70.    Mai repeatedly represented in electronic communications with Oracle and the PBGC that Dearborne was a certified Service-Disabled Veteran-Owned Small Business. | See Gelbart Decl., Ex. A at 207:20-208:11; 209:2-10 & Ex. I. |
| 71.    Mai has never served in the military. | See Gelbart Decl., Ex. A at 99:9-11. |

- 20 -

| | |
|---|---|
| 72.     Mai obtained the Service-Disabled Veteran-Owned Small Business certification on the basis of the representation that his brother is a disabled veteran. | See Gelbart Decl., Ex. A at 150:25-151:5. |
| 73.     Mai's brother was never an employee of Dearborne, a member of Dearborne or a manager of Dearborne. | See Gelbart Decl., Ex. A at 185:22-186:6. |
| 74.     At his deposition, Mai initially testified under oath that Dearborne remains certified as a Service-Disabled Veteran-Owned Small Business today.  However, Mai later admitted that it is not. | See Gelbart Decl., Ex. A at 150:10-14; 318:19-319:2. |
| 75.     A federal government official audited Dearborne and retracted its certification upon learning that Dearborne is not—and never has been—principally owned by a service-disabled veteran. | See Gelbart Decl., Ex. A at 318:19-319:2; 319:12-320:3. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

| | |
|---|---|
| 76.      As noted above, Oracle employees put Mai on notice as early as November 2009 that it had not yet been paid in connection with the PBGC deal. Likewise, both Oracle and the PBGC repeatedly contacted Mai via email and phone to discuss the matter throughout 2010. | See Gelbart Decl., Ex. A at 253:8-16; 256:13-16; 264:12-266:5; Ex. P. |
| 77.      Mai continued to do business with Rudin on additional transactions until at least September 2010. | See Gelbart Decl., Ex. A at 160:9-24; 191:6-10; 270:1-20. |
| 78.      When Mai pursued Alethea to enforce breach of its loan agreement with Dearborne in October 2010, he hired Rudin's own counsel for the collection effort. | See at 156:24-157:21; 158:3-10 & Ex. F. |
| 79.      Mai claims that, in August 2010, Aegis Technologies desired to acquire software marketed by Microsoft Corporation in a transaction financed by PNC Bank. | See Gelbart Decl., Ex. A at 115:22-117:15; 119:20-120:1; 120:16-24. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 80.    Mai contends he "cancelled" the transaction financed by PNC Bank and that he never ordered any products from Microsoft.  But PNC Bank sued Mai in connection with the deal, in addition to Dearborne and Mai's B.P.M.B., Inc. | <u>See</u> Gelbart Decl., Ex. A at 122:20-123:6; 162:10-14; 166:16-20 & Ex. T.) |
| 81.    Mai also concedes he received the sums that the PNC Bank had funded in connection with the transaction. | <u>See</u> Gelbart Decl., Ex. A at 167:9-17; 168:20-169:7. |
| 82.    Mai provided fake statements purportedly reflecting Aegis Technologies' financial condition to PNC Bank. | <u>See</u> Gelbart Decl., Ex. A at 162:25-163:9; 388:8-18; Ex. B at 158:15-159:4; 160:9-161:16; 162:1-3; Exs. W & X; Ex. C (Rutherford Depo. Tr.) at 42:20-43:9, Exs. U & V. |
| 83.    Mai, with Rudin's knowledge, surreptitiously requested on September 15, 2010 that Microsoft change Aegis Technologies' contact billing address, telephone number and email address. | <u>See</u> Gelbart Decl., Ex. A at 158:23-160:8; 161:4-21; 162:15-24; 164:12-25; Ex. G. |

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES RE:  OPP. TO MAI MOT. FOR SUMMARY JUDGMENT

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

| | |
|---|---|
| 84. Mai changed Mark Tiernan's contact email address to mtiernan@aegisgrouptech.com, without informing Tiernan. The previous day—on September 14, 2010—Mai had registered the "aegisgrouptech.com" domain name using the registrar "GoDaddy.com," via a GoDaddy.com account owned by Mai's B.P.M.B., Inc. | See Gelbart Decl., Ex. A at 165:6-166:15 & Ex. H. |
| 85. Mai concedes he contemporaneously received an email message notifying him of the domain name registration. | See Gelbart Decl., Ex. A at 197:9-23; 199:2-7; 199:22-200:16. |

DATED:  April 30, 2012          CRONE HAWXHURST LLP


                              By_____/s/_____
                                   Daryl M. Crone
                                   Joshua P. Gelbart
                                   Attorneys for Plaintiffs Oracle America, Inc.
                                   and Oracle Credit Corporation