Daryl M. Crone (Bar No. 209610)
  daryl@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
  jgelbart@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone:   (310) 893-5150
Facsimile:   (310) 893-5195

Attorneys for Plaintiffs
Oracle America, Inc. and
Oracle Credit Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUIN RUDIN, et al., <br><br> Defendants. | CASE NO. CV10-1853 DOC (RNB) <br><br> Date: July 23, 2012 <br> Time: 8:30 a.m. <br> Ctrm.: 9D <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 FOR AN ADVERSE INFERENCE INSTRUCTION DUE TO DEFENDANTS' INTENTIONAL SPOLIATION OF EVIDENCE;** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES;** <br><br> **DECLARATION OF JOSHUA P. GELBART** <br><br> [Proposed Order submitted herewith] |

# NOTICE OF MOTION AND MOTION

TO THE CLERK OF COURT AND TO DEFENDANTS MICHAEL MAI AND DEARBORNE CIRCLE LLC, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 23, 2012 at 8:30 a.m., or as soon thereafter as counsel may be heard before the Honorable David O. Carter, in Courtroom 9D of the above-entitled Court, located at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Plaintiffs Oracle America, Inc. and Oracle Credit Corporation (collectively, "Oracle"), will, and hereby do, move *in limine* for issuance of an adverse inference instruction against Defendants Michael Mai and Dearborne Circle LLC (the "Mai Defendants"), due to their spoliation of evidence in this case.

Good cause exists to grant this motion. The Mai Defendants (1) had control over the evidence and an obligation to preserve it; (2) the records were destroyed or altered with a culpable state of mind; and (3) the destroyed evidence was relevant to the Mai Defendants' defense. The Court should instruct the jury that it may infer from the fact that Mr. Mai intentionally destroyed the native files for the two email messages marked as Trial Exhibits 28 and 29 that the native files would have disclosed that they were fabricated by Mr. Mai during this litigation for purposes of helping him prove his defense. Specifically, Oracle proposes the following:

"During this trial, you heard evidence about email messages dated September 22, 2009, and November 3, 2009, which bear exhibit numbers 28 and 29, respectively. The Court has determined, and you must assume as true, that Michael Mai intentionally destroyed the electronically-stored versions of those email messages during the course of this litigation. For this reason, you are entitled to infer that, if the electronically-stored versions of those email messages existed today, they would have demonstrated that the email messages were not authored on

September 22, 2009, and November 3, 2009, but instead were created by Mr. Mai during the course of this case."

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 12, 2012.

This motion is based upon the attached Memorandum of Points and Authorities; the concurrently-submitted Declaration of Joshua P. Gelbart; all pleadings and other records on file in this action; and such further evidence and arguments as may be presented at or before any hearing on the motion. A proposed order is respectfully submitted herewith.

DATED: June 25, 2012         CRONE HAWXHURST LLP


By_____/s/_____
  Daryl M. Crone
  Joshua P. Gelbart
  Attorneys for Plaintiffs Oracle America, Inc.
  and Oracle Credit Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Oracle moves the Court for an order issuing sanctions against defendants Michael Mai and Dearborne Circle LLC (the "Mai Defendants") in the form of an adverse inference instruction, because the Mai Defendants spoliated relevant evidence during the pendency of this litigation. The Mai Defendants' misconduct has prevented Oracle from being able to verify the provenance of two email messages that the Mai Defendants intend to rely on at trial as being supposedly "exculpatory." Specifically, the emails purport to evidence payment instructions by a third-party relating to the Pension Benefit Guaranty Corporation transaction that is central to this case. Mr. Mai has admitted under oath that he intentionally spoliated the native file versions of these email messages. In other words, he deliberately destroyed the *only* evidence that would demonstrate whether the email messages were contemporaneously authored in 2009 or, as Oracle suspects, they were manufactured during this case in an effort to help prove Mai's defense.

An adverse inference instruction is an appropriate sanction in this case because the Mai Defendants (1) had control over the evidence and an obligation to preserve it; (2) the records were destroyed or altered with a culpable state of mind; and (3) the destroyed evidence was relevant to the Mai Defendants' defense. Oracle respectfully requests that this motion be granted in its entirety.

## Statement of Facts Relevant to This Motion

One of the central issues in this case is that the Mai Defendants failed to pay Oracle for certain products they induced Oracle to deliver to a branch of the federal government known as the Pension Benefit Guaranty Corporation (the "PBGC"). The Mai Defendants contend that their defense is bolstered by two email messages that Mr. Mai allegedly received from defendant Quin Rudin (who was also sued by Oracle in this matter and the Clerk of the Court has defaulted), which were marked

as Exhibit Nos. 28 and 29 to Mai's deposition transcript (and will bear the same exhibit numbers at trial). (See Declaration of Joshua P. Gelbart ("Gelbart Decl."), Exs. B & C.) The first email message, dated September 22, 2009, supposedly directed the Mai Defendants to make multiple payments to Rudin, to one of Rudin's entities, and to third-parties in varying amounts and on various dates, purportedly as payment for the sum that Mai claims he expected Rudin or his entity to forward to Oracle. (Id., Ex. B.) Similarly, the second email message, dated November 3, 2009, purportedly directed Mai to pay an additional amount to Rudin's entity in satisfaction of the remaining sum owed to Oracle. (Id., Ex. C.) However, Mai cannot recall Rudin giving any explanation for those alleged, indisputably peculiar payment instructions. (Id., Ex. A at 277:19-278:1; 282:6-11.) Nor does Mai have any explanation for why he reasonably could have expected Rudin to pay Oracle, especially as Oracle expected payment in a single lump sum. (Id. at 279:21-25.)

In addition to the bizarre payment instructions, the September 22, 2009 email contains factual inconsistencies that demonstrate the emails likely were fabricated for purposes of Mai's defense. In that first message, Rudin purportedly reduced the amount of Mai's payment to him by $175,000, because a loan for that amount, extended by Dearborne Circle LLC to a third-party, already was "bad." (Id. at 271:2-272:10; Ex. B.) For this reason, Rudin supposedly agreed to cover Mai's $175,000 "loss." (Id., Ex. A at 280:1-15.) But Mai admits that, as of September 2009, the relationship with the third-party had not yet soured. (Id. at 139:12-17; 147:7-16.) To the contrary, that third-party was still making payments on the loan that Dearborne had extended to it and, for that reason, Mai didn't hire counsel to pursue collection of the loan until more than a year later. (Id., Ex. A at 151:19-152:1; 158:11-22; 273:19-23.)

The Mai Defendants have produced the email messages at issue in "PDF" format alone. (Gelbart Decl., Ex. A at 388:19-389:21.) Mr. Mai candidly admits that the PDF files bear electronic stamps demonstrating that he created them on September 26, 2011, after receiving Oracle's requests for production in this case. (Id. at 391:11-17; 391:25-392:12; 394:4-395:21; 396:25-397:6.) Although the underlying native files necessarily existed on September 26, 2011—otherwise, Mai wouldn't have been able to create the PDF files—they no longer exist today. (Id. at 388:19-389:21; 392:7-395:20; see also Docket No. 92 at 4 ¶ 2.) Instead, Mai admits he spoliated those native files after "printing" them as PDFs. (Gelbart Decl., Ex. A at 388:19-389:21; 391:2-6; see also Docket No. 92 at 4 ¶ 2.) And, it is undisputed that without the underlying native files, there is no way to determine with certainty when the emails were first created, because the "metadata" that would reflect those dates of creation are no longer available. (Gelbart Decl., Ex. A at 388:19-389:21.)

**Argument**

I.  **THE COURT SHOULD AWARD AN ADVERSE INFERENCE INSTRUCTION TO ORACLE TO REMEDY THE MAI DEFENDANTS' INTENTIONAL SPOLIATION OF RELEVANT EVIDENCE**

An adverse inference instruction informs the trier of fact that it can infer that "evidence made unavailable by a party was unfavorable to that party." FTC v. Lights of America, 2012 WL 695008, at *2 (C.D. Cal. Jan. 20, 2012) (quoting Lewis v. Ryan, 261 F.R.D. 519, 522 (S.D. Cal. 2009)). Imposition of such a sanction is based on two rationales: (1) the common sense observation that the party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than the party in the same position who does not destroy the document; and (2) the

"prophylactic and punitive effect of allowing the trier of fact to draw the adverse inference, which deters evidence destruction." Akiona v. U.S., 938 F.2d 158, 161 (9th Cir. 1991).

In order for a court to issue an adverse inference instruction, the party seeking the inference must establish that: "(1) the party having control over the evidence had an obligation to preserve it; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense." Lights of America, 2012 WL 695008 at *2 (quoting Residential Fund'g Corp. v. De-George Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002)).  The Mai Defendants' actions satisfy each of these elements, and thus imposition of an adverse inference instruction is appropriate here.

### A.  Mai Had a Duty to Preserve the Emails at Issue

The Mai Defendants cannot seriously dispute that they had a duty to preserve the native file email messages that are now available only in PDF format (due to Mai's own intentional conduct).  Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Zubulake v. UBS Warburg, LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003); see also Perez v. Vezer Industrial Professionals, Inc., 2011 WL 5975854, at *6-8 (E.D. Cal. Nov. 29, 2011) (same).  The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when the party should have known that the evidence may be relevant to future litigation.  Perez, 2011 WL 5975854, at *6; see also In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (same).

Mai plainly knew he had an obligation to preserve the email messages; indeed, he produced them in PDF format in response to Oracle's requests for production.  Mai further admitted at deposition that the emails necessarily existed

in their native file format on September 26, 2011, which appears to be the time he destroyed them. (Gelbart Decl., Ex. A at 391:11-17; 391:25-392:12; 394:4-395:21; 396:25-397:6.) This factor plainly weighs in Oracle's favor.

### B. Mai Destroyed the Emails With a Culpable State of Mind

The Mai Defendants destroyed the native file email messages with a culpable state of mind if that evidence was destroyed "knowingly, even without the intent to [breach a duty to preserve it], or negligently." Hamilton v. Signature Flight Support Corp., 2005 WL 3481423, at *5 (N.D. Cal. Dec. 20, 2005) (quoting Residential Fund'g, 306 F.3d at 107). Thus even if the Mai Defendants could claim they were "negligent"—which they can't—that state of mind would remain sufficient to warrant imposition of a spoliation sanction in this case. See Zubulake, 200 F.R.D. at 220 (the sanction of an adverse inference may be appropriate due to the negligent destruction of evidence because each party should bear the risk of its own negligence).

Mr. Mai admits that the emails existed in their native file format on September 26, 2011, when he created the PDF files that he provided to his counsel for production. (Gelbart Decl., Ex. A at 392:7-395:20.) The native files were within his control and he did not take steps to preserve them. This combined with his duty to preserve the evidence suffices to establish that the natives files were, at a minimum, negligently destroyed, and satisfies the requirement that the spoliation occur with a culpable state of mind. See Zubulake, 200 F.R.D. at 220.

It is more likely, however, that Mai intentionally destroyed the native files because they were fabricated from the beginning. To be sure, Mai has given no other explanation for the reference in the emails to a "bad" loan that did not go "bad" until a year after the emails were supposedly authored. (See Gelbart Decl., Ex. A at 139:12-17; 151:19-152:1; 158:11-22; 147:7-16; 271:2-272:10; 273:19-23; Ex. B.) Nor has Mai given any explanation for the third-party "payment

- 5 -
PLAINTIFFS' MOTION IN LIMINE NO. 1 RE ADVERSE INFERENCE INSTRUCTION

instructions" he was allegedly given, on which he supposedly "reasonably relied." (Id., Ex. A at 277:19-278:1; 279:21-25; 282:6-11; Ex. B.) These additional facts support a finding that the native files were destroyed with the requisite culpable state of mind.

### C. The Destroyed Evidence is Relevant to Mai's Defense

"[T]he party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction." Zubulake, 220 F.R.D. at 221 n.50. However, "[w]hen evidence is destroyed in bad faith (*i.e.* intentionally or willfully), that fact alone is sufficient to demonstrate relevance." Id. at 220.

There can be no doubt as to the relevance of the evidence that Mai destroyed. The Mai Defendants contend that these emails are exculpatory in that they allegedly prove that Mai reasonably thought that Quin Rudin would pay Oracle for the amounts owed to it in connection with the PBGC transaction, and that Mai supposedly paid Rudin pursuant to those instructions. Nonetheless, the Mai Defendants' own actions have prevented any such "proof" from ever being established, given their intentional destruction of the email messages in their native file format. Oracle is prejudiced because it cannot test whether the emails were actually authored in 2009, or if they were instead authored during the pendency of this litigation.

### Conclusion

For the foregoing reasons, Oracle respectfully requests that this motion be granted, and that the Court impose spoliation sanctions in the form of an adverse inference instruction against Defendants Michael Mai and Dearborne Circle LLC. Specifically, the Court should instruct the jury that it may infer from the fact that Mr. Mai intentionally destroyed the native files for the two email messages marked

1  as Exhibits 28 and 29 that the native files would have disclosed that they were
2  fabricated by Mr. Mai during this litigation.  A proposed order reciting the exact
3  text of the proposed instruction is respectfully submitted herewith.

DATED:  June 25, 2012          CRONE HAWXHURST LLP


                               By         /s/
                                  Daryl M. Crone
                                  Joshua P. Gelbart
                                  Attorneys for Plaintiffs Oracle America, Inc.
                                  and Oracle Credit Corporation

- 7 -
PLAINTIFFS' MOTION IN LIMINE NO. 1 RE ADVERSE INFERENCE INSTRUCTION

## DECLARATION OF JOSHUA P. GELBART

I, Joshua P. Gelbart, declare as follows:

1. I am an associate with Crone Hawxhurst LLP, counsel of record for the Plaintiffs in this action. I make this declaration of personal, firsthand knowledge and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit A are true and correct copies of pertinent excerpts from the transcripts of the deposition of Michael Mai taken by Plaintiffs on October 28, 2011, November 4, 2011 and March 9, 2012.

3. Attached as Exhibit B is a true and correct copy of Exhibit 28 to the transcript of the deposition of Michael Mai.

4. Attached as Exhibit C is a true and correct copy of Exhibit 29 to the transcript of the deposition of Michael Mai.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 25, 2012, at Los Angeles, California.

/s/
Joshua P. Gelbart