SACV 10-1853 DOC - 8/6/2012 - Item No. 7

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

- - - - - - -

```
ORACLE AMERICA, INC., et al.,    )
                                 )
        Plaintiffs,              )
                                 )
    vs.                          ) No. SACV 10-1853 DOC
                                 )    Item No. 7
QUIN RUDIN, et al.,              )
                                 )
        Defendants.              )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Hearing on Motions

Santa Ana, California

Monday, August 6, 2012

Debbie Gale, CSR 9472, RPR
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-8141

10cv1853 Oracle 2012-08-06 Item 7

```
 1   APPEARANCES OF COUNSEL:

 2

     FOR THE PLAINTIFF ORACLE AMERICA, INC.:
 3
             CRONE HAWXHURST LLP
 4           BY:  Daryl M. Crone
                  Joshua Gelbart
 5                Attorneys at Law
             10880 Wilshire Boulevard
 6           Suite 1150
             Los Angeles, California 90024
 7           310-893-5155

 8


 9
     FOR THE DEFENDANTS QUIN RUDIN, ET AL:
10
             LAW OFICES OF JOHN J. RAMP & ASSOCIATES
11           BY:  John J. Ramp
                  Attorney at Law
12           7755 CenterAvenue
             Suite 1100
13           Huntington Beach, California 92647
             714-372-2292
14

15

16

17

18

19

20

21

22

23

24

25
```

**I N D E X**

Hearing on motions and final pretrial conference    4

| | | |
|---|---|---|
| | 1 | **SANTA ANA, CALIFORNIA, MONDAY, AUGUST 6, 2012** |
| | 2 | **Item No. 7** |
| | 3 | (9:39 a.m.) |
| 09:39 | 4 | THE COURT:  Oracle America v. Quin Rudin. |
| 09:40 | 5 | Counsel, your appearances. |
| 09:40 | 6 | MR. CRONE:  Daryl Crone, Joshua Gelbart on behalf |
| | 7 | of the plaintiffs, Your Honor. |
| 09:40 | 8 | MR. RAMP:  Good morning, Your Honor.  John Ramp. |
| 09:40 | 9 | THE COURT:  How are you today? |
| 09:40 | 10 | Let me resolve two matters first, and those are |
| | 11 | the *in limine* motions.  There are two *in limine* motions. |
| | 12 | The first is the unopposed *In Limine* Motion No. 1, which is |
| | 13 | Docket 121, which is brought by plaintiff.  I'm going to |
| | 14 | grant this motion and exclude the defendant from presenting |
| | 15 | witnesses other than Mr. Mai.  Plaintiff, Mr. Mai, was |
| | 16 | identified as the only witness in this matter. |
| 09:41 | 17 | Concerning plaintiff's unopposed *In limine* Motion |
| | 18 | No. 2, which is Docket 122, this Court is granting, and |
| | 19 | thus, I will instruct the jury about an adverse inference as |
| | 20 | follows:  That the jury may infer from the fact that Mr. Mai |
| | 21 | intentionally destroyed native files for the two e-mail |
| | 22 | messages marked as Exhibits 28 and 29, that the native files |
| | 23 | would have disclosed that they were fabricated by Mr. Mai |
| | 24 | during this litigation. |
| 09:41 | 25 | My reasoning is as follows:  Mr. Mai's defense is |

|       |    |                                                                         |
|-------|----|-------------------------------------------------------------------------|
|       | 1  | that he paid defendant, Mr. Rudin, against whom the clerk               |
|       | 2  | has issued a default, the sums owed to the plaintiff; that              |
|       | 3  | defendant, Mr. Mai, contends that the two e-mails available             |
|       | 4  | only in PDF form were sent by Mr. Rudin to Mr. Mai telling              |
|       | 5  | Mr. Mai to pay Mr. Rudin the sums owed to plaintiff; that               |
|       | 6  | Mr. Mai admits that he eliminated the native files of these             |
|       | 7  | two e-mails during the litigation.  These native files are              |
|       | 8  | necessary to verify the e-mails' authenticity.                          |
| 09:42 | 9  | The Court is providing an adverse inference                             |
|       | 10 | instruction, whereas here, Mr. Mai first controlled the                 |
|       | 11 | evidence; and in this case, it's the e-mails.  Second, the              |
|       | 12 | evidence was destroyed with culpable state of mind.  And in             |
|       | 13 | this matter, it's shown by their deletion during this                   |
|       | 14 | litigation.  And third, the evidence is relevance to the                |
|       | 15 | defense.  Here, it's shown by defendant's intent to use                 |
|       | 16 | these e-mails.  And the leading case, of course, is *Hamilton*          |
|       | 17 | *v. Signature Flight Support Corporation.*                              |
| 09:43 | 18 | Now, I've advanced your matter just a small amount                      |
|       | 19 | of time.  But you will be going to trial on August 30th of              |
|       | 20 | 2013 *(sic)*.                                                           |
| 09:43 | 21 | What else do we need to prepare you for litigation                      |
|       | 22 | on that date?                                                           |
| 09:43 | 23 | MR. CRONE:  Your Honor, may I just be briefly                           |
|       | 24 | heard on the trial date?                                                |
| 09:43 | 25 | THE COURT:  No.  Now, what may I do to prepare you                      |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | for litigation on that date, other than being heard on that,         |
|       | 2  | because that will be your trial date?  This is a busy court          |
|       | 3  | now, Counsel.                                                        |
| 09:43 | 4  | MR. CRONE:  There was one additional matter with                     |
|       | 5  | respect to the exhibit list, Your Honor.  With respect to            |
|       | 6  | the proposed pretrial conference order, there was some               |
|       | 7  | additional exhibits that plaintiff's counsel -- I'm sorry --         |
|       | 8  | defense counsel identified.  They're Exhibits 200 through            |
|       | 9  | 215 on the exhibit list.                                             |
| 09:43 | 10 | THE COURT:  Okay.                                                    |
| 09:43 | 11 | MR. CRONE:  And we would request the opportunity                     |
|       | 12 | to interpose objections to those exhibits at trial,                  |
|       | 13 | Your Honor.                                                          |
| 09:43 | 14 | THE COURT:  Okay.  Certainly.                                        |
| 09:43 | 15 | MR. CRONE:  They've not been -- I'm still working                    |
|       | 16 | out with -- there's just a couple issues with that.  But if          |
|       | 17 | that's acceptable to the Court, we'd appreciate it.                  |
| 09:44 | 18 | THE COURT:  Okay.  Great.                                            |
| 09:44 | 19 | MR. CRONE:  The other issue is, given the fact                       |
|       | 20 | that the Court is advancing the trial date to August 30th,           |
|       | 21 | we'll have some issues with -- my main trial witness on              |
|       | 22 | behalf of Oracle will not be able to attend on that date.            |
| 09:44 | 23 | THE COURT:  Why?                                                     |
| 09:44 | 24 | MR. CRONE:  Because that is the end of Oracle's                      |
|       | 25 | fiscal quarter.                                                      |

| | | |
|---|---|---|
| 09:44 | 1 | THE COURT: That doesn't matter to me, Counsel. |
| | 2 | He's going to be here. |
| 09:44 | 3 | MR. CRONE: I understand, Your Honor. If it's |
| | 4 | impossible for me -- |
| 09:44 | 5 | THE COURT: It's not impossible to get him here. |
| | 6 | You're the plaintiff, aren't you? |
| 09:44 | 7 | MR. CRONE: Yes, Your Honor. |
| 09:44 | 8 | THE COURT: You're asking for money, aren't you? |
| 09:44 | 9 | MR. CRONE: Yes, Your Honor. |
| 09:44 | 10 | THE COURT: Get him here. |
| 09:44 | 11 | MR. CRONE: Understood, Your Honor. |
| 09:44 | 12 | THE COURT: Okay. Or you're going to find |
| | 13 | yourself potentially with no case. |
| 09:44 | 14 | MR. CRONE: Understood, Your Honor. |
| 09:44 | 15 | THE COURT: All right. I'm not quibbling about |
| | 16 | that. Are we communicating with -- about this? |
| 09:44 | 17 | MR. CRONE: Yes, we are. |
| 09:44 | 18 | THE COURT: You get him here. There's not going |
| | 19 | to be a deposition. He's not "non-available." It may be |
| | 20 | the end of their fiscal year, but you're asking for money. |
| | 21 | This is a *de minimis* amount of time, Counsel. |
| 09:44 | 22 | MR. CRONE: Understood, Your Honor. |
| 09:44 | 23 | THE COURT: Understood? All right. |
| 09:44 | 24 | MR. CRONE: Would -- would -- |
| 09:45 | 25 | THE COURT: What else? |

| | | |
|---|---|---|
| 09:45 | 1 | MR. CRONE: Understood, Your Honor. |
| 09:45 | 2 | Does the Court give time for voir dire in a case? |
| 09:45 | 3 | THE COURT: Yes, I do. I think, over the years, |
| | 4 | that when judges just do the questioning, that you don't |
| | 5 | have any sense of who that juror is. They may give you an |
| | 6 | answer, and it may be the right answer, but it's just |
| | 7 | something intuitive about what we do as a profession that |
| | 8 | says, you know, that's the juror I don't want. |
| 09:45 | 9 | So I give you about 15 minutes each. |
| 09:45 | 10 | MR. CRONE: Thank you, Your Honor. |
| 09:45 | 11 | THE COURT: Okay. |
| 09:45 | 12 | MR. CRONE: And how about for opening statements? |
| 09:45 | 13 | THE COURT: I don't count the time. In other |
| | 14 | words, how long you take, that's up to you. I'm not going |
| | 15 | to press you in terms of that. You have two hours per side. |
| | 16 | It's only a two- or three-day case, quite frankly. It's a |
| | 17 | very quick case. |
| 09:45 | 18 | MR. CRONE: We agree, Your Honor. |
| 09:45 | 19 | THE COURT: Yeah. We've got another three- or |
| | 20 | four-month case following that. Unless I get you tried, |
| | 21 | you're going to be over to the first of the year. We're a |
| | 22 | busy court. Okay? We're accepting a lot of other work from |
| | 23 | other courts, quite frankly. And we've some cases that |
| | 24 | would prejudice, you as the plaintiffs; it would put you way |
| | 25 | over into the first of the year. |

```
09:46    1              MR. CRONE:  And -- I'm sorry, Your Honor -- just
         2    to be clear.  How about the length of opening statements?  I
         3    didn't know if the Court would --
09:46    4              THE COURT:  No.  I'm giving you that latitude in
         5    terms of opening.  Now, when you get to the --
09:46    6              MR. CRONE:  Oh, and one other thing, Your Honor.
         7    There is the issue of, if we have several other defendants
         8    who never appeared; they were defaulted.  And then in terms
         9    of the prove-up for that, would the Court accept a
        10    declaration post trial to do the default judgment?
09:46   11              THE COURT:  Yes, absolutely.
09:46   12              Okay.  What else did you need to make litigation
        13    relatively comfortable?
09:46   14              And I do apologize for advancing you, but that's a
        15    *de minimis* amount of time.  And to listen to plaintiff --
        16    not you, Counsel -- but to listen to your client tell me he
        17    can't be here --
09:46   18              MR. CRONE:  I understand.
09:46   19              THE COURT:  -- wave good-bye to your case.  Okay?
        20    Get him here.
09:46   21              MR. CRONE:  One final issue, Your Honor.
09:46   22              With respect to the issue of alter ego, I was
        23    wondering if the Court would like us to file proposed
        24    findings of fact, conclusions of law?
09:46   25              THE COURT:  I would.  It would be appreciated.  It
```

```
09:47    1   will get a decision back to you quickly.
09:47    2            MR. CRONE:  It will be brief.
09:47    3            THE COURT:  Okay.  What else do you need in terms
         4   of litigation?
09:47    5            MR. CRONE:  I think that was it, Your Honor.
09:47    6            THE COURT:  Counsel, what did you need to be
         7   relatively comfortable?
09:47    8            MR. RAMP:  Nothing, Your Honor.
09:47    9            THE COURT:  Okay.  We'll see you August 30th.
        10   Thank you very much.
09:47   11            MR. CRONE:  Thank you, Your Honor.
09:47   12        (At 9:47 a.m., proceedings were adjourned.)
09:47   13                          -oOo-
09:47   14
        15
        16
        17
        18
        19
        20
        21
        22
        23
        24
        25
```

```
09:47    1                              -oOo-
09:47    2
09:47    3                           CERTIFICATE
09:47    4
09:47    5         I hereby certify that pursuant to Section 753,
         6    Title 28, United States Code, the foregoing is a true and
         7    correct transcript of the stenographically reported
         8    proceedings held in the above-entitled matter and that the
         9    transcript page format is in conformance with the
        10    regulations of the Judicial Conference of the United States.
09:47   11
09:47   12    Date:   August 7, 2012
09:47   13
09:47   14                          /s/ Debbie Gale
09:47
09:47   15                          _____
09:47                               DEBBIE GALE, U.S. COURT REPORTER
09:47   16                          CSR NO. 9472, RPR
09:47   17
        18
        19
        20
        21
        22
        23
        24
        25
```