O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 10-1853-DOC (RNBx)                                              Date:  July 7, 2014

Title: ORACLE AMERICA, INC., ET AL. v. MICHAEL Q. MAI, ET AL.

PRESENT:   THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING APPLICATION TO SET ASIDE DEFAULT AND GRANTING APPLICATION FOR DEFAULT JUDGMENT [197] [203]**

Before the Court are two matters: Defendant Claude Kramer III's Ex Parte Application to Set Aside Default (Dkt. 203) and Plaintiff Oracle America Inc.'s Application for Default Judgment (Dkt. 197).  Having considered the written submissions, the Court DENIES Defendant's Application to Set Aside Default and GRANTS Plaintiff's Application for Default Judgment.

## I.  BACKGROUND

On November 3, 2010, Oracle America Inc. and Oracle Credit Corporation (together, "Oracle") filed this action against a number of defendants, including Michael Mai ("Mr. Mai") and Claude Kramer III ("Mr. Kramer") (together, "Defendants").  *See* Compl. at 1.  The suit alleged that Defendants conspired to defraud Oracle and the United States Government, and asserted that Defendants violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and committed common law fraud. *See generally id.*

### A.  Mr. Mai

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-1853-DOC (RNBx)                          Date: July 7, 2014

Page 2

Mr. Mai was the only defendant to proceed to trial. The trial ran from July 19, 2013 to July 24, 2013. The jury returned a verdict in favor of Oracle, finding that Mr. Mai violated RICO and committed fraud, and awarded Oracle $908,504.85 in compensatory damages.

## B. Mr. Kramer

Oracle alleges that Mr. Kramer was a co-conspirator. Mr. Kramer admits to receiving the Complaint in December 2010. Application (Dkt. 205) at 5. He filed an answer on January 20, 2011. Answer (Dkt. 24). His attorney moved to withdraw on May 6, 2011. Mot. (Dkt. 52). On June 6, 2011, the Court granted his attorney's motion to withdraw. Minutes, June 6, 2011 (Dkt. 59). The Court ordered all parties to be present at a scheduling conference on June 20, 2011, but Mr. Kramer did not appear. Minutes, June 20, 2011 (Dkt. 63). The Court called Mr. Kramer at his known telephone number, but there was no response. *Id.*

On June 20, 2011, Oracle served a notice of deposition on Mr. Kramer, but he did not respond. Oracle then moved to strike Mr. Kramer's answer to the complaint. Mot. (Dkt. 70). That motion was served on at least four of Mr. Kramer's known addresses. Proof of Service (Dkt. 72). The motion was unopposed and the Court granted it. Order, August 30, 2011 (Dkt. 75). On January 6, 2012, Oracle requested that the clerk enter default against Mr. Kramer. Request (Dkt. 85). Default was entered against Mr. Kramer. Entry of Default (Dkt. 89).

Mr. Kramer asserts that he did not receive any communications from either Oracle or the Court until he was served with the Application for Default Judgment. Application (Dkt. 205) at 7. Mr. Kramer also asserts that Mr. Mai promised to take care of all of his legal matters, so Mr. Kramer did not make any inquiries until he was served—over years later—with the Application for Default Judgment. *Id.* at 5–7.

On February 7, 2014, the Court granted Oracle's Motion for Attorney Fees and Applications for Default Judgment. Minute Order, February 7, 2014 (Dkt. 200). On February 18, 2014, the Court entered a judgment against Mr. Mai, Mr. Kramer, and Quin Rudin. Judgment (Dkt. 205). On the same day, however, Mr. Kramer filed an application to set aside default. Application (Dkt. 203). In the interests of fairness, the Court vacated its judgment as to Mr. Kramer, so that it could consider his application to set aside default. Minute Order, March 3, 2014 (Dkt. 206).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-1853-DOC (RNBx)	Date: July 7, 2014

Page 3

The Court now considers Mr. Kramer's Application to Set Aside Default and reconsiders Oracle's Application for Default Judgment Against Mr. Kramer.

## II. DISCUSSION

### A. Mr. Kramer's Application to Set Aside Default

A court may set aside an entry of default or a default judgment where the moving party establishes a proper ground for relief under the applicable Federal Rule of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Pursuant to Federal Rule of Civil Procedure 60(b), by contrast, a court may set aside a final judgment only under specific conditions, including a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *See Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

The Ninth Circuit utilizes the same three-factor test to determine good cause under Rule 55(c) as it does for setting aside a final judgment under Rule 60(b). *Yagman v. Galipo*, No. CV 12-7908, 2013 WL 1287409, at *8 (C.D. Cal. Mar. 25, 2013); *See Haw. Carpenters' Trust Funds,* 794 F.2d at 513. The court may deny a motion to set aside an entry of default if the moving party fails to satisfy any one of the following factors: (1) the moving party's own culpable conduct led to the default; (2) the nonmoving party would be prejudiced by setting aside the default; or (3) the moving party has no meritorious defense. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141 (2001); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Therefore, although "a motion to set aside a default *may* be denied if any one factor goes against the [moving party], . . . it would still be within a district court's discretion to grant the motion." *Yagman*, 2013 WL 1287409, at *9 (citing *Brandt v. Am Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011).

The Court finds that it is improper to set aside the entry of default against Mr. Kramer for two independently sufficient reasons. First, Mr. Kramer's own culpable conduct led to the default. Generally, a default will be set aside if the defendant can offer a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process[.]" *TCI Group*, 244 F.3d at 697. Here, Mr. Kramer explains that he received the Complaint in December 2010. Application at 5. After receiving the Complaint, he asserts that Mr. Mai promised to take care of all of Mr. Kramer's legal matters and that

Case 8:10-cv-01853-DOC-RNB Document 229 Filed 07/07/14 Page 4 of 8 Page ID #:2863

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1853-DOC (RNBx)                                                 Date: July 7, 2014

Page 4

after his counsel withdrew, he did not receive any of the communications from either the Court or Oracle. *Id.* at 5–7.

The Court finds Mr. Kramer's explanation to be incredible. He admits to receiving the Complaint in December 2010. *Id.* at 5. Since then, Oracle and the Court made several attempts to reach him, including a phone call placed by the Court during the June 20, 2011 scheduling conference and documents that were served on several known addresses. *See, e.g.*, Minutes, June 6, 2011 (Dkt. 59); Proof of Service (Dkt. 72). In sum, Mr. Kramer would have the Court believe that he was named as a defendant in a federal lawsuit and he simply trusted that it would be taken care of by his co-defendant, and that numerous attempts at communication simply failed to reach him; this is incredible and the Court finds that Mr. Kramer's own culpable conduct led to default.

Second, Oracle would be prejudiced if the Court set aside default. While Mr. Kramer was ignoring the fact that he was a defendant in a federal lawsuit, Oracle took the case to trial against Mr. Mai. *See* Verdict (Dkt. 186). If default were set aside, then Oracle would potentially need to proceed to a separate trial against Mr. Kramer. The Court finds that in light of Mr. Kramer's culpable conduct and the prejudice that Oracle would suffer, the default entered against Mr. Kramer should not be set aside. *TCI Group*, 244 F.3d at 696. Therefore, the Court DENIES Mr. Kramer's Application to Set Aside Default.

### B. Oracle's Application for Default Judgment

Oracle also moves for entry of default judgment against Mr. Kramer. Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-1853-DOC (RNBx)            Date: July 7, 2014

Page 5

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### 1. Possibility of Prejudice to Oracle

First, there is a strong possibility that without an entry of default judgment, Oracle will be prejudiced. Mr. Mai filed bankruptcy, and though his debt is non-dischargeable, there is no indication that Oracle will be able to recover fully from him. In *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002), the court found that "[i]f Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery." Similarly, here, if default judgment is not entered against Mr. Kramer, then Oracle is likely to be left empty-handed. *See J&J Sports Prods. v. Munguia*, No. 13-CV-02004, 2014 U.S. Dist. LEXIS 4756, at *4-5 (N.D. Cal. Jan. 14, 2014) (finding prejudice where defendant's refusal to litigate denied plaintiff "the right to adjudicate the claims and obtain relief"). Accordingly, the Court finds that this factor weighs in favor of entering default judgment.

### 2. Merits of Oracle's Substantive Claim and Sufficiency of the Complaint

The second and third *Eitel* factors evaluate "whether the allegations in the complaint are sufficient to state a claim[.]" *Pepsico Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Oracle's Complaint asserts claims under 18 U.S.C. § 1961 ("Civil RICO") and for common law fraud. The Court will address each claim in turn.

#### a. Civil RICO

RICO creates a private right of action to recover damages for racketeering or the collection of unlawful debt, i.e. Civil RICO. 18 U.S.C. § 1961. In order to establish liability under § 1962(c), a plaintiff must prove that the defendant: (1) conducted or participated in the conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity, (5) causing injury to Oracle's business or property. *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008).

Case 8:10-cv-01853-DOC-RNB   Document 229   Filed 07/07/14   Page 6 of 8   Page ID #:2865

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-1853-DOC (RNBx)                                          Date: July 7, 2014

Page 6

Under 18 U.S.C. § 1962(d), it is also "unlawful for any person to conspire to violate any of the [the other § 1962 provisions]." "A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Salinas v. Unites States*, 522 U.S. 52, 65 (1997). A defendant must also have been "aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993). In order to prevail, plaintiffs must allege either "an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

Oracle alleges that over the course of three years, Defendants—including Mr. Kramer—created several entities to defraud Oracle. Compl. ¶¶ 27-52. Oracle provides licenses for its software through its "Partners." *Id.* ¶ 29. Typically, a Partner will identify an end-user customer, purchase a software license from Oracle at a discounted price to sell to the end-user customer, and then after the financing is worked out with the end-user customer, Oracle would pay the full sales price to the Partner. *Id.* ¶¶ 27-30. In other words, normally, Partners act as middle men and receive the difference between Oracle's discounted price for Partners and the full sales price for end-user customers. *Id.* Oracle alleges that Defendants were engaged in an enterprise where they would create one entity to act as the Partner and one entity to act as the end-user customer; once Oracle paid the Partner entity, the end-user customer entity would stop paying according to its payment schedule, and Defendants would keep the amount paid out to the Partner entity. *Id.* ¶¶ 27-52.

The main question is whether Mr. Kramer participated in the conduct of the enterprise. Oracle alleges that Mr. Kramer participated in the conduct of the RICO enterprise in a number of ways. For example, Mr. Kramer held himself out as the "Contract Administrator" of Certus and engaged in email communications with Oracle that helped facilitate the Certus fraud. Compl. ¶¶ 18, 58. The Court finds that Oracle has pleaded a valid claim against Mr. Kramer for violations of 18 U.S.C. § 1962(c) and (d).

### b. Common Law Fraud

Oracle also asserts claims for common law fraud against Mr. Kramer. The elements of the California tort of "fraud" are: (1) "misrepresentation," which includes either a "false representation, concealment or nondisclosure;" (2) "knowledge of falsity," also referred to as "scienter;" (3) "intent to defraud," which includes an intent "to induce reliance;" (4) "justifiable reliance;" and (5) damages. *Lazar v. Sup. Ct.*, 12 Cal. 4th 631,

637 (1996) (citing Cal. Civ. Code Section 1710)). Defendants may be held liable for conspiring to defraud plaintiffs upon proof of: "(1) formation and operation of the conspiracy, and (2) damage to plaintiff resulting from an act or acts done in furtherance of the common design. The existence of a civil conspiracy makes each participant in the wrongful act responsible as a joint tortfeasor for all damages resulting from the wrong, whether or not a participant was a direct actor and regardless of the degree of his activity." *Klistoff v. Sup. Ct.*, 157 Cal. App. 4th 469, 479 (2007).

Oracle alleges that Mr. Kramer held himself out as the Contract Administrator for Certus, promised that Certus would "pay asap," knew that he would not and never intended to pay, and caused Oracle to suffer at least $908,504.85 in damages. Accordingly, the Court finds that Oracle has sufficiently pleaded a claim for common law fraud against Mr. Kramer.

### 3. The Sum of Money at Stake

Oracle is owed—and the jury returned a verdict against Mr. Mai for—$908,504.85 in compensatory damages. As explained above, Oracle is entitled to treble damages, for a total of $2,725,514.55. If the Court enters default judgment against Mr. Kramer, then he would be jointly and severally liable for that amount, as a co-conspirator. *See SEC v. Vassallo*, No. 09-CV-0665, 2010 U.S. Dist. LEXIS 73792, at *37-38 (E.D. Cal. July 21, 2010); *Klistoff*, 157 Cal. App. 4th at 479.

While the $2,725,514.55 in damages sought by defendant is significant, it is proportional "to the seriousness of [Mr. Kramer's alleged] conduct." *Pepsico*, 238 F. Supp. 2d at 1176.

### 4. The Possibility of a Dispute Concerning Material Facts, Whether the Default Was Due to Excusable Neglect, and the Strong Policy in Favor of Decisions on the Merits

Oracle served Mr. Kramer with a summons and complaint on December 3, 2010 and March 2, 2011, respectively. *See* Proofs of Service upon Claude Kramer III (Dkt. 3).

Mr. Kramer initially joined in Mr. Mai's Answer. Def.'s Ans. (Dkt. 24). But, his Answer was stricken because he repeatedly failed to appear before the Court and at his noticed deposition. Order, January 21, 2011 (Dkt. 27).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1853-DOC (RNBx)                                                         Date: July 7, 2014

                                                                                                                                     Page 8

      There is no indication to this Court that there is a possibility of dispute concerning material facts, especially given that Mr. Mai was found liable by a jury on nearly the same set of facts as alleged against Mr. Kramer. Furthermore, as discussed above, there is no indication that the default is a result of excusable neglect.

      In sum, the Court finds that, other than the strong policy in favor of decisions on the merits, all of the *Eitel* factors militate in favor of entering default judgment against Mr. Kramer. Accordingly, the Court GRANTS Oracle's motion for entry of default judgment against Mr. Kramer.

## III. DISPOSITION

      The Court hereby orders the following:

1. Mr. Kramer's Application to Set Aside Default (Dkt. 203) is DENIED.
2. Oracle's Motion for Entry of Default Judgment Against Mr. Kramer (Dkt. 197) is GRANTED and default judgment is entered against Mr. Kramer for violation of 18 U.S.C. § 1962(c) and (d) and common law fraud.
3. Mr. Kramer and Mr. Mai are jointly and severally liable to Oracle for $2,725,514.55 under 18 U.S.C. § 1964(c).
4. Oracle shall file a proposed final judgment against Mr. Kramer on or before July 28, 2014.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                              Initials of Deputy Clerk: jcb
CIVIL-GEN